# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GALVESTON COUNTY, TEXAS,   )<br>                                                          )<br>    Plaintiffs,                               )<br>                                                          )<br>vs.                                                    )     Case:<br>                                                          )<br>UNITED STATES OF AMERICA         )<br>and ERIC H. HOLDER, JR. in his official )<br>capacity as Attorney General of the United )<br>States,                                              )<br>                                                          )<br>    Defendants.                              ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO SECTION 5 OF THE VOTING RIGHTS ACT OF 1965 AND REQUEST FOR THREE-JUDGE COURT

Galveston County, Texas seeks a declaratory judgment that its recently enacted redistricting plan for the Galveston County Commissioners Court (the Commissioners Plan) fully complies with Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c (Section 5). The County's redistricting plan has neither the purpose nor will it have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority. This complaint is filed under the assumption that Section 5 complies with the United States Constitution.

### PARTIES

1. Plaintiff, Galveston County, Texas is a political subdivision of the State of Texas and brings this action on behalf of itself and its citizens. Galveston County, Texas is subject to the preclearance requirements of Section 5 of the Voting Rights Act of 1965, as amended and codified at 42 U.S.C. § 1973c.

2. Defendants are the United States of America and Eric H. Holder, Jr., in his official capacity as Attorney General of the United States. Attorney General Holder is principally

responsible for administering Section 5 of the Voting Rights Act and is a necessary party to these proceedings.

## JURISDICTION AND VENUE

3. This action is brought pursuant to Section 5 of the Voting Rights Act, under which this Court is authorized to declare Plaintiffs redistricting plans compliant with Section 5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to Section 5 of the Voting Rights Act. 42 U.S.C. § 1973c.

## FACTS

5. According to the 2010 Census data, Galveston County's population increased to 291,309.

6. The population growth in Galveston County, Texas resulted in the malapportionment of preexisting electoral districts in the County Commissioners Court.

7. Consequently, the Galveston County Commissioners Court recently reapportioned the electoral districts for the Galveston County Commissioners Court.

8. This is a lawsuit for judicial preclearance under 42 U.S.C. § 1973c (Section 5 of the Voting Rights Act) and is entitled to review by a three judge court.

9. Simultaneous with the filing of this action, Plaintiff has made a complete submission to the U.S. Department of Justice (DOJ) in order to facilitate and expedite disposition of this matter (the Submission). The Submission complies with the DOJ's administrative pre-clearance process. A copy of the Submission is attached as Exhibit "A" and incorporated by reference as if set forth fully herein.

10. The Galveston County Commissioners Court is divided into four (4) districts.

11. After the release of the 2010 Census data, the Galveston County Commissioners Court was required by law, TEX. CONST. ART. V, § 18(b), to reapportion the Commissioners Court districts to equalize population.

12. The Commissioners Plan was passed by the Galveston County Commissioners Court on August 30, 2011 and will become effective on January 1, 2012, or upon preclearance, whichever is later.

13. On October 14, 2011 – as explained above – Galveston County, Texas provided to the DOJ all of the documents and data necessary for the Attorney General to confirm that the Commissioners redistricting plan complies with Section 5 and is entitled to preclearance. Exhibit "A."

14. The Submission explains that the Commissioners redistricting plan, as compared to its previous benchmark, maintains or increases the ability of minority voters to elect their candidate of choice in each district protected by Section 5.

## COUNT I

15. The allegations in Paragraphs 1- 14 are reincorporated here.

16. The Commissioners Plan does not retrogress and "neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color" or membership in a language minority. 42 U.S.C. § 1973c. In all respects, it complies with Section 5 of the Voting Rights Act.

17. Plaintiff is entitled to a judgment that the Commissioners Plan fully complies with Section 5 of the Voting Rights Act and may be implemented immediately.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests the following relief from the Court:

    A. Convene a three judge court pursuant to 42 U.S.C. § 1973c;

1432592v.3 iManage 105773

B. Enter declaratory judgment that the Commissioners redistricting plan fully complies with Section 5.

C. Enter a declaratory judgement that the Commissioners redistricting plan may be implemented on or after January 1, 2012.

D. Gant Plaintiff such other and further relief as may be proper and appropriate.

**Dated:**   October 14, 2011

Respectfully Submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

/s/ Martin D. Beirne

Martin D. Beirne
1300 Post Oak Blvd., Suite 2500
Houston, TX 77056
(713) 623-0887

Joseph M. Nixon
Dalton L. Oldham
James E. Trainor, III
401 W. 15th Street, Suite 845
Austin, TX 78701
(512) 623-6700
(512) 623-6701 facsimile

**ATTORNEYS FOR PLAINTIFF
GALVESTON COUNTY, TX**

1432592v.3 iManage 105773